891 F.2d 292
 1989-2 Trade Cases P 68,866
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
CENTRAL STATE BANK, State Savings Bank and Harry C. Calcutt,
Defendants-Appellants.
 No. 89-1162.
 United States Court of Appeals, Sixth Circuit.
 Dec. 5, 1989.
 
 Before KRUPANSKY and DAVID A. NELSON, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge
 PER CURIAM:
 
 
 1
 Defendants-appellants Central State Bank, State Savings Bank, and Harry C. Calcutt (appellants) appeal the judgment of the District Court for the Western District of Michigan denying their application for an award of attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Appellants applied for attorneys' fees subsequent to prevailing in the defense of an antitrust action brought by appellee United States (Government) pursuant to section 1 of the Sherman Antitrust Act.
 
 
 2
 During litigation of the merits of the underlying controversy, the Government urged the district court to adopt, for the purpose of evaluating the alleged anti-competitive effects of the merger of the appellant banks, a "relevant product market" that consisted of business transaction accounts, personal transaction accounts, and small business loans. Appellants argued successfully that the relevant product market should be defined more broadly to include the entire "cluster of services" provided by commercial banks. In this regard, appellants correctly noted that this definition of relevant product market has been uniformly applied in bank merger antitrust cases since the Supreme Court's decision in United States v. Philadelphia National Bank, 374 U.S. 321, 83 S.Ct. 1715 (1963).
 
 
 3
 Appellants argued in the instant appeal that, in urging the adoption of a more narrow definition of relevant product market, the government's position in the underlying litigation was not "substantially justified" within the meaning of the EAJA, and that they therefore were entitled to an award of attorneys' fees. The district court found, however, that the Supreme Court, in the several cases in which it has addressed the relevant product market question in this context, has never purported to establish an inexorable product market definition. Rather, citing United States v. Connecticut National Bank, 418 U.S. 656, 94 S.Ct. 2788 (1974), the district court found that the government was substantially justified--although not entitled to prevail on the merits--in urging the adoption of a novel, more narrow definition of relevant product market.
 
 
 4
 After reviewing the relevant precedent, the record developed during trial of the merits, and particularly the testimony of various witnesses who alluded to changed circumstances in the banking industry as warranting departure from the "cluster" definition of relevant product market, this court concludes that the Government was substantially justified within the meaning of the EAJA in commencing and prosecuting the underlying litigation. The judgment of the district court is therefore affirmed.